UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

- against -

DIMETRI MOSELEY

                Defendant.

-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/3/2023
```

**ORDER**

S6 17 CR 00506-04 (NSR)

NELSON S. ROMÁN, United States District Judge:

     On January 31, 2020, Defendant Dimetri Moseley ("Defendant") pled guilty before Magistrate Judge Judith C. McCarthy to one count of racketeering conspiracy, in violation of 18 USC § 1962(d), and one count of conspiring to distribute or possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. (*See* Jan. 31, 2020 Minute Entry; *see also* Superseding Indictment at ECF No. 246.) The Court issued an order accepting the plea allocution on December 12, 2022. (*See* ECF No. 464.) The Court held a sentencing hearing on December 14, 2022, where the Defendant was sentenced to 240 months' imprisonment on the racketeering conspiracy count and 60 months' imprisonment on the narcotics conspiracy count, to run consecutively, followed by a term of three years of supervised release on each count, to run concurrently.

     At the sentencing hearing, Defense counsel argued that Defendant should be given credit for time he served in New York State custody prior to his arrest and transfer to federal custody in connection with the instant case. On January 25, 2014, Defendant had been charged with criminal possession of a loaded firearm in the second degree, convicted of the same after trial on

September 22, 2016 in New York State court, and sentenced to thirteen years' imprisonment on November 21, 2016 (hereinafter, the ("2016 Firearm Conviction"). (ECF No. 281 ("Final Presentence Investigation Report" or "PSR") ¶ 82; *see also* ECF No. 466 ("Def's Letter"), dated December 29, 2022.) This conviction was reversed in March 2019 by the Appellate Division and remitted to the lower court. (PSR ¶ 82.) As stated by both parties, the firearm possession charge fell within the period covered by the instant offense—a racketeering conspiracy that ran from at least in or about 2011 until 2017, (PSR ¶ 2; *see also* ECF No. 467 ("Govt's Letter"), dated December 30, 2022, and Def's Letter), and is "the same sort of activity that the defendant acknowledged having participated in as a member of the Uptown Gang [*i.e.* the racketeering enterprise]." (Govt's Letter.)

At the sentencing hearing, the Court directed both parties to submit briefing on the amount of time that should be credited based on Defendant's time served in New York State custody. In its letter, Defense counsel argues that Defendant should be credited for the seventeen months he served in New York State custody, from—March 18, 2016 to August 17, 2017, or 517 days—which Defense counsel argues reflects the period in which Mr. Moseley was in jail in connection with the 2016 Firearm Conviction. (*See* Def's Letter.) The Government agrees that pursuant to U.S.S.G. § 5K2.23, the Court should credit Defendant's time served in New York State custody in connection with the 2016 Firearm Conviction. (*See* Govt's Letter.) However, the Government points to a slightly different date range that should be credited—from March 21, 2016 to August 17, 2017 (in other words, 514 days or approximately 17 months)—which the Government argues reflects when Defendant was arrested pursuant to a bench warrant issued in

2

connection with the state firearms possession charge and when he was transferred to federal custody. (*Id.*) [1]

A downward departure may be appropriate if the defendant has (1) completed serving a term of imprisonment, and (2) an adjustment would have been available under § 5G1.3, which requires a sentencing court to adjust the sentence for any term of imprisonment already served on an undischarged term for relevant conduct, if the term of imprisonment had been undischarged at the time of sentencing for the instant offense. *See* U.S.S.G. § 5K2.23. An adjustment under § 5K2.23 is "discretionary even where an adjustment would have been required for an undischarged term." *United States v. Boodie*, 590 F. App'x 67, 68 (2d Cir. 2015). Any departure pursuant to § 5K2.23 "should be fashioned to achieve a reasonable punishment for the instant offense."

Upon review of the parties' letters, the Court finds that adjusting Defendant's sentence for his racketeering conspiracy violation (18 USC § 1962(d)) is warranted under U.S.S.G. § 5K2.23, particularly as both parties agree that the 2016 Firearm Conviction involved relevant conduct to Defendant's racketeering conspiracy offense. The Court therefore credits Defendant's time served in New York State custody in the amount of 514 days (approximately 17 months) to Defendant's sentence for his racketeering conspiracy violation.

SO ORDERED:

Dated:  January 3, 2023
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[1] The Government does not provide an explanation for the slight discrepancy between the time frame that it offers and the time frame offered by Defense counsel.